UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REOCO, INC.,

        Plaintiff(s),

   v.

JAIME I MILLENA,

        Defendant(s).
_____/

No. C-14-00169 DMR

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [DOCKET NO. 10] AND REMANDING CASE**

      This case was originally filed in state court and subsequently removed to federal court by Defendant Jaime Millena, who is pursuing this action without legal representation. *See* Docket No. 1. On March 11, 2014, Plaintiff Reoco, Inc. filed a motion to remand the case, arguing that removal was untimely because it was not accomplished within thirty days and improper because this court lacks subject matter jurisdiction over a complaint brought under state law for unlawful detainer. [Docket No. 10.]

      According to this district's local rules, Jaime Millena should have filed any brief in opposition to the motion by March 25, 2014. *See* N.D. Cal. Civ. L.R. 7-3. On April 3, 2014, having received no such opposition, the court ordered Jaime Millena to respond by April 10, 2014 to explain his failure to respond to the motion and to simultaneously either (1) submit his opposition to the court or (2) file a statement of non-opposition to the motion. The court stated that if Jaime Millena did not respond by April 10, 2014, Plaintiff's motion may be granted.

To date, Jaime Millena has failed to respond to Plaintiff's motion or this court's order to show cause. In any event, the complaint states only a single state law claim for unlawful detainer. *See* Docket No. 10-1, Ex. 1 at 9 ("Verified Complaint for Unlawful Detainer and Damages - Action Based on [California] Code of Civil Procedure Section 1161a"). Plaintiff is a corporation doing business in California and Defendants are all residents of Newark, California. As such, the court appears not to have subject matter jurisdiction over the case.

Accordingly, the court grants Plaintiff's motion and remands the case to state court.[1] Plaintiff also requests attorneys' fees pursuant to 28 U.S.C. § 1447(c). This request is denied.

IT IS SO ORDERED.

Dated: April 15, 2014



_____
DONNA M. RYU
United States Magistrate Judge

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases where the plaintiff has consented but not served the defendants, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. 11-CV-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (not reported in F. Supp. 2d) (quoting § 636(c)(1)) (citing *United States v. Real Prop.*, 135 F.3d 1312, 1317 (9th Cir. 1998)); *Third World Media, LLC v. Doe*, No. C-10-4470-LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)). Plaintiff and Jaime Millena have consented to this court's jurisdiction. *See* Docket Nos. 7, 11. In an order dated April 3, 2014, the court ordered Plaintiff and Jaime Millena to each file a letter explaining the status of the other Defendants in this case. Neither party responded. The record does not indicate that any of the other Defendants have been served, therefore this court appears to have the authority to enter this order.